IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BLAIR ZIGLER,  )  <br> Plaintiff,  ) Civil No. 1:22-cv-4706 <br> ) <br> v.  ) Honorable Elaine E. Bucklo <br> ) <br> EDWARD D. JONES & CO., L.P., et al.,  ) <br> Defendants.  ) | |

**<u>DEFENDANTS' MOTION TO DISMISS THE FIRST AMENDED COMPLAINT</u>**

Defendants Edward D. Jones & Co., L.P. ("Edward Jones") and The Jones Financial Companies, L.L.L.P. ("JFC") (collectively, "Defendants"), hereby move to dismiss these proceedings pursuant to Rules 12(b)(1), 12(b)(2), and 12(b)(6) of the Federal Rules of Civil Procedure. A Memorandum in Support of this Motion is filed herewith and incorporated herein by reference. In support of their Motion to Dismiss, Defendants state as follows:

1. On September 1, 2022, Plaintiff Blair Zigler filed this action, and on November 29, 2022 she filed the First Amended Complaint ("FAC"). ECF 24. In the FAC, Plaintiff generally alleges Edward Jones discriminated against her and other female home office associates by paying them less than male home office associates. She asserts claims of wage discrimination under the Equal Pay Act ("EPA"), 29 U.S.C. § 206(d) (Count I); Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e (Count II); the Illinois Human Rights Act ("IHRA"), 775 ILCS 5 (Count III); and the Illinois Equal Pay Act ("IEPA"), 820 ILCS 112 (Count IV), and she seeks to represent a collective and classes each defined to include all female associates employed by Edward Jones's home office.

2. Even accepting Plaintiff's conclusory and unsupported allegations as true, this action should be dismissed.

3. As an initial matter, in this case Defendants are not subject to personal jurisdiction

in Illinois. Neither Edward Jones nor JFC is organized, has a principal place of business, or is otherwise "at home," in Illinois. And although Plaintiff alleges she was allowed to work for Edward Jones's home office remotely from her residence in Illinois, such activity does not create the necessary connection for either Defendant to face suit in Illinois.

      a.      Neither Defendant is subject to general jurisdiction in Illinois. Edward Jones is a Missouri limited partnership, and JFC is a Missouri limited liability limited partnership. Neither Defendant has its principal place of business in Illinois. Moreover, Plaintiff does not allege facts that show either Defendant's contacts with Illinois renders it "essentially at home" in Illinois.

      b.      Neither Defendant is subject to specific jurisdiction in Illinois based on Plaintiff's claims. With regard to JFC, there is no connection between Plaintiff's claims and Illinois because it is a holding company and was not her employer. As to Edward Jones, the only possible connection is Plaintiff's physical location, which did not benefit Edward Jones but rather was chosen by her for her own convenience.

      c.      Specific jurisdiction also would not exist over claims made by potential Illinois collective members for the same reasons it does not exist as to Plaintiff's claim, and it would not exist over claims made by potential non-Illinois collective members because they have no connection to Illinois at all.

4.     Moreover, Plaintiff fails to state a claim. Plaintiff fails to state a plausible EPA claim because she does not describe a male employee who is performing equal work but is paid more than her. Plaintiff's collective claim should also be dismissed, because her allegations belie collective treatment, she does not plead any attributes of those who she alleges are similarly situated to her, and the existence of the pay disparity she alleges would also affect male employees.

5.     Plaintiff's Title VII and IHRA claims also fail because she: (1) has not exhausted

her administrative remedies; (2) lacks standing to assert these claims; and (3) does not sufficiently state any claim under Title VII or the IHRA.

      a.      First, Plaintiff failed to exhaust her administrative remedies because the allegations in the Complaint are outside the scope of her EEOC charge. This includes: (i) her class claims, because her charge of discrimination did not indicate women outside of an FA position were discriminated against; (ii) any disparate impact claim she purports to bring, because she does not identify any policy adversely affecting any female employees in her charge; and (iii) all of the generically stated employment conditions that are not referenced in her charge. Plaintiff's claims are also untimely because they challenge employment actions that occurred more that 300 days before she filed her EEOC charge.

      b.      Second, Plaintiff has not alleged personal injury sufficient to establish standing with regard to the generic employment conditions she purports to challenge.

      c.      Third, Plaintiff's allegations do not state a disparate treatment claim because she does not provide any reason to believe she suffered any pay discrimination while working in her role as a home office associate because of her gender. Moreover, Plaintiff does not state such a claim under a pattern or practice theory because she does not state any facts showing any policy was adopted by Edward Jones with an intent to discriminate, or that its regular practice is to discriminate against female home office associates. Additionally, no disparate impact theory has been alleged in the Complaint because Plaintiff has not exhausted a disparate impact claim, does not invoke disparate impact with her allegations, and does not identify a facially neutral practice or allege statistical evidence showing that such a practice results in a relevant disparity.

WHEREFORE, for these reasons and those set forth in the Memorandum in Support filed contemporaneously herewith, Defendants request that this Court grant their Motion to Dismiss.

Dated: January 6, 2023                  Respectfully submitted,

**DOWD BENNETT LLP**

By:   /s/ James F. Bennett
     James F. Bennett, 6244356
     Michael J. Kuhn, MO 58963
     Philip A. Cantwell, MO 65505
     7676 Forsyth Blvd., Suite 1900
     St. Louis, Missouri 63105
     (314) 889-7300 (telephone)
     jbennett@dowdbennett.com
     mkuhn@dowdbennett.com
     pcantwell@dowdbennett.com

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**

     Jennifer L. Colvin, 6274731
     155 N. Wacker Drive, Suite 4300
     Chicago, IL 60606
     (312) 558-1234 (telephone)
     jennifer.colvin@ogletree.com

     Gregg M. Lemley, 6231521
     7700 Bonhomme Ave., Suite 650
     St. Louis, Missouri 63105
     (314) 802-3935 (telephone)
     gregg.lemley@ogletree.com

     Patrick F. Hulla, *pro hac vice forthcoming*
     4520 Main Street, Suite 400
     Kansas City, MO 64111
     (816) 410-2226 (telephone)
     patrick.hulla@ogletree.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of January, 2023, I filed the foregoing motion via the Court's CM/ECF system, effecting service upon all counsel of record.

                                              /s/ James F. Bennett